## FISHER and another *v.* KELSEY and another.[*]

*(Circuit Court, E. D. Missouri. April 10, 1883.)*

1. **LIABILITY OF INNKEEPERS FOR THEFT OF MERCHANDISE FOR SALE—REV. ST. Mo. § 5785.**

    Section 5785 of the Revised Statutes of Missouri does not apply to articles of gold manufacture kept by a guest for sale.

2. **SAME—REV. ST. Mo. § 5786.**

    Where a statute provides that no innkeeper shall be liable for the loss of any merchandise for sale or sample belonging to a guest unless the guest shall give him written notice of having such merchandise for sale or sample in his possession after entering the inn, and furthermore provides that the innkeeper shall not be compelled to receive guests with merchandise for sale or sample in their possession, a notice in *writing* is absolutely necessary to fix an innkeeper's responsibility, and he waives nothing by admitting a guest whom he knows has merchandise for sale or sample in his possession.

3. **SAME—COMMON-LAW LIABILITY.**

    Whether the common-law liability of innkeepers extends to merchandise for sale or sample, *quære.*

This is a suit to recover the value of a large quantity of jewelry stolen from a salesman in the plaintiff's employ who was stopping at the time at a hotel kept by the defendants, known as the Planters' House. The jewelry was stolen from the salesman's room, where it was kept for sale, by a person unconnected with the house. Evidence was introduced by the plaintiffs tending to show that the defendants knew the occupation of the plaintiffs' salesman when they

---

[*] Reported by B. F. Rex, Esq., of the St. Louis bar.
Affirmed. See 7 Sup. Ct. Rep. 929.

received him as a guest, and knew that he had jewelry for sale in his possession. There was no evidence, however, that any written notice was given by the salesman that he had any merchandise for sale with him. Evidence was introduced on behalf of the defendants tending to show that the requirements of section 5785 of the Revised Statutes of Missouri had been fully complied with as to posting notices, etc.

The Missouri statutes upon the subject of the liabilities of innkeepers are as follows, viz.:

"Sec. 5785. No innkeeper in this state who shall constantly have in his inn an iron safe, in good order, and suitable for the safe custody of money, jewelry, and articles of gold and silver manufacture, and of the like, and shall keep a copy of this chapter printed by itself in large, plain English type, and framed, constantly and conspicuously suspended in the office, bar-room, saloon, reading, sitting, and parlor room of his inn, and also a copy printed by itself in ordinary-sized, plain English type, posted upon the inside of the entrance door of every public sleeping room of his inn, shall be liable for the loss of any such articles aforesaid, suffered by any guest, unless such guest shall have first offered to deliver such property lost by him to such innkeeper, for custody, in such iron safe, and such innkeeper shall have refused or omitted to take it and deposit it in such safe for its custody, and to give such guest a receipt therefor.

"Sec. 5786. No innkeeper in this state * * * shall be liable for the loss of any merchandise for sale or sample belonging to a guest, unless the guest shall have given written notice of having such merchandise for sale or sample in his possession after entering the inn, nor shall the innkeeper be compelled to receive such guest with merchandise for sale or sample; but innkeepers shall be liable for the losses of their guests, caused by the theft of such innkeeper or his servants, anything herein to the contrary notwithstanding."

Laws 1872, p. 55, § 1.

After the question as to the proper interpretation of said clauses of the Missouri statutes had been argued, and before charging the jury, the court said, per McCRARY, J.:

*Gentlemen* The act of 1872 brings in an entirely new element. Previous acts required the posting up of these notices in the public rooms and sleeping rooms of a hotel, but there was nothing in these acts prior to 1872 that applied to the case of a traveling merchant, or a man going about the country with merchandise for sale, and who came into a hotel with merchandise for sale, and there engaged in the business of selling the merchandise itself, or selling by sample.

We all know that this mode of disposing of merchandise has, of late years, become a great business. I suppose that a very large pro-

portion of the selling of merchandise of all descriptions is now done by this method of sending agents throughout the country, who carry with them samples of goods they propose to sell, or, in some cases, carry the goods which they propose to sell, where the articles are not too cumbersome. Where it is convenient for them to do so, they will carry the articles themselves; otherwise, they carry samples and sell by sample.

Now it is evident that the liabilities and responsibilities of innkeepers would be very great indeed if they are held liable for all the goods, under this system of transacting commercial business, that are brought into the hotel. Whether they would be liable—whether innkeepers would be liable at common law in such a case as this—is, to my mind, a very doubtful question. I have always understood that the liability of an innkeeper was substantially that of a common carrier. It extends to the ordinary baggage that a traveler carries with him. Of course, what is baggage is a question depending very much upon circumstances, the condition of the person who is traveling, his station in life, and all that thing. But I have never understood that the liability of an innkeeper could be carried at common law so as to make him responsible for merchandise a traveler brings in his room at the hotel for purposes of trade and traffic. That may be the law; I will not say it is not, because it does not arise now; but if it be the law, or be the common law, it is perfectly apparent that the legislature of Missouri has undertaken to change it, and has done so by this act of 1872, which, as I have said, is an independent thing, a new provision, not a mere modification or change of any of the provisions of the old statute, but a new regulation, applying to a different state of things. It declares that "no innkeeper in this state shall be liable for the loss of any baggage or other property of a guest caused by fire not intentionally introduced by the innkeeper or his servants." That has nothing to do, of course, with this case, but it serves to show that the legislature introduced into the laws on this subject a new and independent provision:

"Nor shall he be liable for the loss of any merchandise for sale or sample belonging to a guest, unless the guest shall have given written notice of having such articles for sale after entering the inn, nor shall the innkeeper be compelled to receive such guests with merchandise for sale or sample. But innkeepers shall be liable for losses of their guests caused by the theft of such innkeeper or his servants, anything herein to the contrary notwithstanding."

Now, if I understand the force and effect of that statute, it is that the traveler who comes to a hotel with merchandise for sale or sam-

ple, and goes into a room in a hotel for the purpose of exhibiting and dealing in it, must give to the innkeeper written notice that he has that property with him in order to make the innkeeper liable for it. That being so, there being no evidence here at all tending to show that any such written notice was given, that is the end of this case.

We are asked to say that the statute does not require written notice. The court could not say that. It is not for the court to say what the purpose of the legislature may have been, but it is fair to presume that its intention was to have the evidence of such notice in such shape that it could not admit of any question of doubt. The reason for it, I think, is tolerably apparent. While the innkeeper may, in some cases, know what his guest has, as a general rule he will not know. He may know that he has merchandise, but may not know what it is. He may not know what its character or quality is; he may not know that he has merchandise at all, and very great difficulties would arise, as a matter of course, if it was left a question whether he had notice of any kind.

But, whatever the reason may have been, the legislature has said very plainly that it must be written notice; and, even if this was to be construed as a statute in contravention of the common law, and therefore to be strictly construed, we cannot construe it by striking out anything in it. It must be read as it stands.

With regard to the question whether there is any evidence of waiver here that ought to go to the jury, I have no difficulty at all upon that subject. The innkeeper under that act waives nothing because he knows that the guest had merchandise. He knows that he has the merchandise, but he also knows that if the guest intends to hold him liable he must give him the notice. The innkeeper waives nothing if he does not fail to do his duty under the act. If he observes his obligation as prescribed by the act, it certainly cannot be held that he has waived anything.

This is an interesting and important case, and I apprehend that you will want to have the question settled by the supreme court, and I shall be very glad to have you do so; but, with the view I hold, I must give the instructions asked.

*J. B. Woodward* and *Krum & Krum*, for plaintiff.

*Noble & Orrick*, for defendant.

McCRARY, J., (*charging jury orally.*) At the time in the petition mentioned as that at which the matters complained of are stated to have occurred, no innkeeper in the state of Missouri was liable for the loss of any merchandise for sale or sample, belonging to a guest,

unless the guest should have given him written notice of having such merchandise for sale or sample in his possession after entering the inn, unless the loss to the guest was caused by the theft of the innkeeper or his servants; and inasmuch as the evidence here shows that these goods were kept in the hotel for sale or sample, and there is no evidence tending to show that there was any such written notice as the statute requires, and no evidence tending to show that the theft was caused by the innkeeper or his servants, it follows that you must return a verdict for the defendant, and this you can do without leaving your seats.